## ATTACHMENT A
## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

At all times relevant, the email address "Daniel.Drunz@navy-mil.us" was a registered Yahoo, Inc., email address and was not an email address on the official United States Navy email domain. A co-conspirator of Defendant **SAULINA EADY ("SAULINA EADY")** established and used this email address, authentic forms, titles, addresses, and other indicia in order to pose as United States government contracting agents. Substantial parts of this fraud scheme, including but not limited to email and telephone correspondence and counterfeit form creation, were conducted from outside the United States, including but not limited to Nigeria. United States companies (Victims 1, 2, and 3, collectively referred to as the "Victim Companies"), without prior payment, shipped to **SAULINA EADY**'s co-conspirators on the East Coast certain merchandise, including large screen televisions, specialized communications equipment, cellular telephones, and computers. As part of the West Coast operation, **SAULINA EADY** and her co-conspirators received the merchandise in California, stored it in rental storage units in the Los Angeles, California, area, and received cash proceeds after the merchandise was resold.

### *The Victim Companies*

Victim 1 was a company headquartered in the State of Washington that provided wireless voice and data services. Victim 2 was a wholesale audio-video distributor and manufacturer's representative located in the Commonwealth of Virginia. Victim 3 was a cleared United States defense contractor headquartered in the State of Maryland that designed, manufactured, and marketed communications equipment. At least one victim company suffered substantial financial hardship, including but not limited to the postponement of employee retirement plans or termination of employment, as a result of the offense.

### *The Conspiracies*

Beginning at least in or about October 2015, and continuing until at least in or about March 2017, in the District of Maryland and elsewhere, **SAULINA EADY** did knowingly conspire with **Peter Unakalu, Khalid Razaq ("Razaq"), Janet Sturmer ("Sturmer"), Brandon Ross ("Ross"), Saul Eady ("Saul Eady"), Eunice Nkongho ("Nkongho")**, and others to commit wire fraud, that is, to devise and intend to devise a scheme and artifice to defraud the Victim Companies, and for obtaining money and property from the Victim Companies by means of false and fraudulent pretenses, representations, and promises ("the scheme to defraud"), and, for the purpose of executing and attempting to execute the scheme to defraud, to cause to be transmitted by means of wire communication, in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343; and to commit mail fraud, that is, to devise and intend to devise a scheme and artifice to defraud the Victim Companies, and for obtaining money and property from the Victim Companies by means of false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute the scheme to defraud,

to cause to be placed in any post office or authorized depository for mail matter, any matter and thing whatever to be sent or delivered by the Postal Service, and to deposit and cause to be deposited any matter and thing whatever to be sent or delivered by any private or commercial interstate carrier, and to take and receive therefrom, any such matter and thing, and to knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it is directed to be delivered by the person to whom it is addressed.

Ross, in coordination with **Unakalu**, recruited and involved **SAULINA EADY** and **Saul Eady** in the fraud scheme to receive and move the televisions fraudulently obtained from Victim 2 by this criminal organization. For example, on December 20, 2016, **Sturmer** shipped 24 stolen flat screen televisions via FedEx from her residence in Virginia to **SAULINA EADY** in California. On or about December 21, 2016, **Sturmer** shipped 26 stolen flat screen televisions via FedEx from her residence in Virginia to **SAULINA EADY** in California. Between approximately December 28, 2016 and January 30, 2017, **Sturmer** and **Razaq**, using the alias "Tristen Olsen," shipped stolen flat screen televisions from a storage unit in Virginia to **SAULINA EADY** in California, ostensibly on behalf of the U.S. Department of Veterans Affairs. As an additional shipment example, on or about February 2, 2017, as confirmed by FedEx video recordings and still images from the delivery, **SAULINA EADY**, **Saul Eady**, and **Ross** accepted delivery of flat screen television from the California FedEx facility. The footage revealed **Saul Eady** loading televisions at the facility onto U-Haul trucks, which were rented by **Ross**, while **SAULINA EADY** was in the office of the same facility. In total, 305 televisions were delivered to and accepted by **SAULINA EADY** in California.

FedEx independently detected some indicia of fraud in these deliveries and held up some of the deliveries, which **SAULINA EADY** disputed on-site and by calling the FedEx customer service line to communicate that she needed the televisions delivered to her business. 188 televisions, with a total value of $541,118, were intended for delivery to **SAULINA EADY** but were flagged by FedEx and later recovered by law enforcement. The shipping documents alleged that the televisions were from the U.S. Department of Veterans Affairs, which law enforcement determined to be false, and intended for hospital services at an address in the Los Angeles area. However, the address of the business provided in the paperwork revealed that no hospital services were located at that address.

Following the sale of the televisions, **Ross** paid **SAULINA EADY** and **Saul Eady** in cash for their work in receiving and moving the televisions. The organization obtained approximately 2,109 televisions over the course of the scheme, and the quantity of televisions and loss attributable to **SAULINA EADY** is 493 televisions with a value of at least $1,181,290.80. At least some of the televisions transited through a shipping facility in Maryland, after a co-conspirator paid a Maryland-based moving company to transport the televisions from Virginia to California.

Based on bank records, surveillance footage, financial and business records from the Victim Companies, and information from others, the actual and intended loss reasonably foreseeable to **SAULINA EADY** was more than $550,000 but not more than $3,500,000.

SO STIPULATED:

Jennifer R. Sykes
Assistant United States Attorney

Saulina Fady
Defendant

9/23/19

Mark John Carroll, Esq.
Counsel for Defendant

9·23·19